IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **ERIN LaSHAE SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | No.:   2:17-cv-02104-SHM-egb |
| | ) | |
| v. | ) | |
| | ) | |
| **WEST TENNESSEE STATE PENITENTIARY (STATE OF TENNESSEE),** | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION

Before the Court is Defendant West Tennessee State Penitentiary's ("Defendant") Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim and Memorandum in Support (D.E. 11-12). Plaintiff Erin LaShae Smith ("Plaintiff") has not responded. This case has been referred to the United States Magistrate Judge for management of all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05). For the following reasons, the Magistrate Judge recommends that this Court GRANT Defendant's Motion to Dismiss.

**BACKGROUND**

On February 16, 2017, Plaintiff filed a *pro se* complaint for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  Plaintiff filed a charge of discrimination with the EEOC on November 14, 2016, alleging that she was discriminated against based on her gender.  Plaintiff complained that she was terminated from her position as

1

correctional officer on February 11, 2016.  However, she appealed the dismissal and was rehired on March 8, 2016.  When she was rehired, Plaintiff was assigned to work in a unit that was different from the unit she previously worked for Defendant.  Plaintiff requested to be moved out of the new unit due to safety concerns but the request was denied.  Plaintiff alleges that she is "aware of male correctional officers that were allowed to move around the [p]enitentiary after being discharged and re-hired." (D.E. 1-2).

## ANALYSIS

Defendant argues, as an initial matter, that Plaintiff has failed to effectuate service pursuant to Federal Rule of Civil Procedure 12(b)(5).  The Court agrees, while noting that it was served as directed by the Court in its March 6, 2017 Order.

The Court also finds merit in Defendant's argument in the alternative, that Plaintiff failed to state a claim upon which relief can be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." This procedural protection permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing, Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987). When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting, Bell Atlantic Corp.v. Twombly*, 550 U.S. 544, 570 (2007). *See also Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)(stating that the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true"). While the pleading standard in Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations," this

standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me- accusation." *Ashcroft,* 556 U.S. at 678. In determining whether a complaint states a claim for relief that is plausible on its face, the court is required to "draw on its judicial experience and common sense." *Id*. at 679. The plaintiff's allegations "must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). *Pro se* litigants are held to a less stringent standard than attorneys, however, they are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) and *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). However, a court cannot create a claim for a *pro se* plaintiff that was not "spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)(internal quotations omitted).

To establish a *prima facie* case of gender discrimination, a plaintiff is required to show that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004); *see also Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). For the second prong of a *prima facie* case, an adverse employment action, Plaintiff must show that Defendant changed "the terms and conditions of [her] employment." *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir. 1999). The change must be "more disruptive than a mere convenience or an alteration of job responsibilities" and is "indicated by a termination of employment, a demotion, evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id.* (quoting *Crady Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)).

Here, Defendant argues that Plaintiff fails to allege any facts showing that she was subjected to an adverse employment action. Plaintiff has not responded. The Magistrate Judge finds that Defendant's argument is well taken and agrees that Plaintiff has failed to establish an adverse employment action. Plaintiff does not allege that her assignment to a different unit was a demotion, less distinguished, or involved a decrease in wages or loss of benefits. Plaintiff only asserts that she wanted to move due to safety concerns, and even in that regard, fails to allege how her duties in the assigned unit differed from other units. Plaintiff's allegations clearly do not rise to the level of stating an adverse employment claim for the purposes of Title VII. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court GRANT Defendant's Motion to Dismiss.

Respectfully submitted this 24th day of January, 2018.

<u>s/Edward G. Bryant</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**