IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ERIN LaSHAE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02104-SHM-EGB |
| | ) | |
| WEST TENNESSEE STATE | ) | |
| PENITENTIARY (STATE OF | ) | |
| TENNESSEE), | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated January 24, 2018 (the "Report"). (ECF No. 14.) The Report recommends that the Court grant Defendant West Tennessee State Penitentiary's Motion to Dismiss (ECF No. 11; see also ECF No. 12). Plaintiff Erin LaShae Smith has not responded.

For the following reasons, the Report is ADOPTED. Defendant's Motion to Dismiss is GRANTED.

I.  Background

On February 16, 2017, Plaintiff filed a *pro se* Complaint alleging discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e to 200e-17. (ECF No. 1.) The Complaint alleges

that Plaintiff was discriminated against on the basis of her gender when she was terminated from her position as a correctional officer by Defendant on February 8, 2016. (ECF No. 1-1 at 7; ECF No. 1 at 4.) On February 12, 2016, Plaintiff "file[d] [her] step 1 appeal" challenging her termination. (ECF No. 1-1 at 8.) On February 25, 2016, Plaintiff learned that she would "get [her] job back." (Id.)

When Plaintiff returned to work on March 8, 2016, she was assigned to work in a unit that was different from the unit she had previously been assigned to. (Id. at 8.) Plaintiff alleges that "gang members (Crip) . . . were assigned to that unit and that pod." (Id.) Plaintiff requested to be assigned to a different unit "due to safety concerns," but her request was denied. (ECF No. 1-2 at 9.) Plaintiff alleges that "[there] have been male officers that have lost their jobs and got it back and [were] not made to work in one place. They were allowe[ed] to move about the compound." (ECF No. 1-1 at 8.)

On May 4, 2017, Defendant filed its Motion to Dismiss. (ECF No. 11; see also ECF No. 12.) The Motion to Dismiss seeks "to dismiss the Complaint for insufficient service of process filed pursuant to Rules 4, 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure." (Id. at 32.)

On January 24, 2018, United States Magistrate Judge Edward G. Bryant entered the Report. (ECF No. 14.) The

Report recommends that Defendant's Motion to Dismiss be granted because Plaintiff "has failed to effectuate service pursuant to Federal Rule of Civil Procedure 12(b)(5)" and "failed to state a claim upon which relief can be granted." (Id. at 43.)

## II. Analysis

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue

3

that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Plaintiff has not objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. § 636(b)(1)(C). Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

**III. Conclusion**

For the foregoing reasons, the Report is ADOPTED. Defendants' Motion to Dismiss is GRANTED.

So ordered this 14th day of February, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE